UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**LARRY DONNELL DICKS-LEWIS III,**

    Plaintiff,

v.                                                                                     Case No: 5:19-cv-499-Oc-30PRL

**CIRCUIT COURT OF THE 5TH
JUDICIAL CIRCUIT, STATE OF
FLORIDA, MARION COUNTY
SHERIFF'S OFFICE, JASON
LABORDE, MARION COUNTY JAIL,
LISA HERNDON and DAVID R.
ELLSPERMANN,**

    Defendants.

---

## REPORT AND RECOMMENDATION[1]

This action grew out of *pro se* Plaintiff's alleged wrongful arrest in April 2015 and his subsequent month-long incarceration in the Marion County Jail, following which the charges against him were dropped. Plaintiff filed a complaint against various defendants under several theories, for which he now seeks $200,000 in damages. (Doc. 1). Plaintiff moves the Court to proceed *in forma pauperis*. (Doc. 2). By prior order, the Court conducted a frivolity review of the complaint pursuant to 28 U.S.C. § 1915(e)(2) and granted Plaintiff until November 19, 2019 to file an amended complaint. (Doc. 4). Plaintiff has failed to file an amended complaint, and the

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

time for doing so has expired. For the following reasons, Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) should be denied and the complaint (Doc. 1) should be dismissed.

An individual may be allowed to proceed *in forma pauperis* if he declares in an affidavit that he "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). However, before a plaintiff is permitted to proceed *in forma pauperis*, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, "fails to state a claim upon which relief may be granted[,]" or . . . "seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit *sua sponte*. *Id.*

Although Plaintiff lists a number of purported claims in the style of his case,[2] the complaint only addresses claims under 42 U.S.C. § 1983 and alleges no facts in connection with the other claims. Plaintiff alleges that the Circuit Court of the Fifth Judicial Circuit, the State of Florida, the Marion County Sherriff's Office, Deputy Jason Laborde, the Marion County Jail, Judge Lisa Herndon, and David R. Ellspermann (the Clerk of Court) have all deprived him of rights under the color of law. As the Court previously explained, Plaintiff's claims against Judge Herndon are barred by judicial immunity. *Simmons v. Conger*, 86 F.3d 1080, 1085 (11th Cir. 1996). Likewise, Plaintiff's claims against the Marion County Sheriff's Office, the Marion County Jail, and the Circuit Court of the Fifth Judicial Circuit are improper because these Defendants are not proper parties to this proceeding. *See Brown v. Jones*, No. 4:16cv777, 2017 WL 2783988 (N.D. Fla. June 26, 2017) (determining that the Florida Fifth District Court of Appeal and Circuit Court for the Ninth Judicial Circuit are not suable entities); *Boeji v. Hillsborough Cty. Jail*, No. 8:12-cv-

---

[2] In the style of his case, Plaintiff also included FDCPA violations (presumably the Fair Debt Collection Practices Act, 15 U.S.C. § 1692), violations of oaths of office, false arrest, cruel and unusual punishment, and fraud.

2543-T17TBM, Doc. 3, (M.D. Fla. Nov. 14, 2012) (concluding that a county jail and a sheriff's department are not proper defendants). And to the extent that Plaintiff seeks to proceed under §1983 against the State of Florida, his claims would be barred by the Eleventh Amendment. *Grimes v. Florida*, No. 6:14-cv-244, 2014 WL 1331045, at *5–6 (M.D. Fla. April 1, 2014) (dismissing a § 1983 claim against the State of Florida because of Eleventh Amendment immunity).

Moreover, Plaintiff has failed to allege facts containing sufficient allegations to show that the remaining Defendants, Deputy Jason Laborde and David R. Ellspermann, personally participated in the alleged constitutional violations under § 1983. *See, e.g.*, *Gonzalez v. Reno*, 325 F.3d 1228, 1234 (11th Cir. 2003). Plaintiff's complaint solely contains a narrative of what happened to him after his arrest in 2015, and fails to allege what specific misconduct each of the individual defendants *personally* participated in. *Id.* Indeed, the complaint is completely devoid of allegations as to any actions taken (or not taken) by the individual defendants.

For the reasons stated above, it is respectfully **RECOMMENDED** that Plaintiff's Motion to Proceed *in forma pauperis* (Doc. 2) be **DENIED**, and the Complaint (Doc. 1) be **DISMISSED**.

Recommended in Ocala, Florida on November 22, 2019.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy